UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>FRATELLI RICATTO LIMITED<br>                                        Debtor | **Case #1-11-44761**<br>**CHAPTER 7**<br>**JUDGE FELLER** |
| DAVID J. DOYAGA, SR. AS TRUSTEE OF THE ESTATE<br>OF FRATELLI RICATTO LIMITED<br>                           Plaintiff,<br>- against -<br>MICHAEL P. RICATTO<br>                           Defendant | **Adversary Action Number:**<br><br>**COMPLAINT AVOIDING**<br>**TRANSFER OF PROPERTY**<br>**AND TO RECOVER THE**<br>**VALUE OF THE PROPERTY** |

    David J. Doyaga Sr., the Chapter 7 Trustee assigned to the above captioned Chapter 7 Case (hereinafter, referred to as "Plaintiff" or "Trustee"), by Doyaga & Schaefer, for his complaint against the Defendant, Michael P. Ricatto, alleges as follows:

## JURISDICTION

    1. This an adversary proceeding brought pursuant to Sections 105(a), 541, 542, 547, 548, 550 and 551 of Title 11 of the United States Code (the "Bankruptcy Code") general common law, the general equitable powers of this Court, Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

    2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 157 and 1334 and the standing Order of reference issued by the District Court for the Eastern District of New York in that it arises under Title 11, United States Code, in a case presently pending before this Court.

    3. This is a core proceeding pursuant to 28 U.S.C.§ 157(b)(1), (b)(2)(A), (E), (F), and (O).

    4. Venue in this District is proper in so far as the adversary proceeding arises out of, and is brought in conjunction with, a case under Title 11 of the United States Code which is pending in this District.

## **BACKGROUND**

5. On June 1, 2011 (the "Filing Date"), Fratelli Ricatto Limited (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

6. At all times relevant, the Debtor Fratelli Ricatto Limited, was the business owned by Defendant Michael P. Ricatto.

7. At all times relevant, the Defendant Michael P. Ricatto was the principal officer of the corporate debtor, Fratelli Ricatto Limited.

8. David J. Doyaga Sr., the Plaintiff herein, was appointed Chapter 7 Trustee of the Debtor's Bankruptcy Case pursuant to a Notice of Appointment.

9. On July 22, 2011, the first meeting of creditors was held pursuant to Section 341 of the Bankruptcy Code. Pursuant to Section 702 of the Bankruptcy Code, the Plaintiff became the permanent Trustee and is, therefore, authorized to commence and prosecute this action pursuant to Section 323 of the Bankruptcy Code.

10. Trustee discovered that the Debtor paid $106,642.27 to the Defendant during the year preceding the Filing Date.

11. At the time of and/or as a result of the payments made to the Defendant, the Debtor was insolvent or was made insolvent.

**FIRST CAUSE OF ACTION AGAINST THE DEFENDANT MICHAEL P. RICATTO PURSUANT TO SECTION 547 OF THE BANKRUPTCY CODE**

12. Section 547 of the Bankruptcy Code states:
> **(b)** Except as provided in subsections (c) and (i) of this section, the trustee *may avoid any transfer of an interest of the debtor in property*—
>> **(1)** to or for the *benefit of a creditor*;

    **(2)** for or on account of an *antecedent debt owed by the debtor before such transfer was made*;
    **(3)** *made while the debtor was insolvent*;
    **(4)** *made*—
        **(A)** *on or within 90 days before the date of the filing* of the petition; or
        **(B)** *between ninety days and one year before the date of the filing* of the petition, *if such creditor at the time of such transfer was an insider*; and
    **(5)** that *enables such creditor to receive more than such creditor would receive* if—
        **(A)** *the case were a case under chapter 7 of this title*;
        **(B)** *the transfer had not been made*; and
        **(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

13. Plaintiff repeats, realleges and reiterates each and every allegation contained in the paragraphs set forth above with the same force and effect as if set forth at length here again.

14. The transfers totaling $106,642.27 occurred within one (1) year of the Filing Date. Defendant filed a proof of claim for a debt owing from 2009.

15. The transfers were made to benefit the Defendant/creditor for an antecedent debt.

16. The Debtor was insolvent at the time of the transfer or rendered insolvent by the transfer.

17. The Defendant was an insider creditor.

18. The Defendant creditor received more than he would have received had the transfer not been made.

19. Pursuant to Section 547 of the Bankruptcy Code, the transfer of the Property is a preference and may be avoided by the trustee.

**SECOND, ALTERNATIVE CAUSE OF ACTION AGAINST THE DEFENDANT MICHAEL P. RICATTO PURSUANT TO SECTION 548 OF THE BANKRUPTCY CODE**

20. Section 548 of the Bankruptcy Code states:

(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily —

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted;

or (B) received less than a reasonably equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;"

21. Plaintiff repeats, realleges and reiterates each and every allegation contained in the paragraphs set forth above with the same force and effect as if set forth at length here again.

22. The transfers totaling $106,642.27 occurred within one (1) year of the Filing Date.

23. The Debtor was insolvent on the date of the transfers of the property and/or was rendered insolvent by the transfers of the property.

24. The Debtor did not receive "reasonably equivalent value" and/or any value for the transfers of the property or the transfers were made with the actual intent to hinder or delay creditors or the Trustee.

25. Pursuant to Section 548 of the Bankruptcy Code, the transfers of the property are fraudulent and may be avoided by the trustee.

### THIRD CAUSE OF ACTION AGAINST MICHAEL P. RICATTO PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

26. Rule 550 (a)(1) states in pertinent parts ....

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, *548,* 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, **the value of such property,** from -

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;

27. Plaintiff repeats, re-alleges and reiterates each and every allegation contained in the paragraphs set forth above with the same force and effect as if set forth at length here again.

28. The payments occurred within the year preceding the Debtor's bankruptcy filing.

29. The Debtor was insolvent at the time of the payments totaling $106,642.27 and/or was rendered insolvent by the payments.

30. The Debtor did not receive "fair consideration" and/or any consideration for the payments.

31. The Defendant was an "initial transferee."

32. Since the payments are voidable pursuant to Section 548 of the Code, the Trustee may recover the value of the transfers under Section 550.

33. For the purposes of Section 550, Defendant is also the entity for whose benefit the transfers were made.

35. Since the Payment by the Debtor is (1) voidable pursuant to section 548 of the Bankruptcy Code, and (2) the trustee may recover the value of the property transferred which has been avoided as per Section 550 of the Bankruptcy Code, the Plaintiff should be issued a judgment against the Defendant for $106,642.27.

**WHEREFORE,** Plaintiff respectfully requests an Order:

(1) Voiding the transfer of the payments by the Debtor to the Defendant pursuant to section 547 of the Bankruptcy Code; and
(2) Voiding the transfer of the payments by the Debtor to the Defendant pursuant to section 548(a)(1)(A) of the Bankruptcy Code; and
(3) Voiding the transfer of the payments by the Debtor to the Defendant pursuant to Section 548(a)(1)(B) of the Bankruptcy Code; and
(4) Once avoided, awarding the Trustee pursuant to Section 550 (A)(1)(2) of the Bankruptcy Code a Judgment of $106,642.27 from the Defendant, Michael P. Ricatto; and
(5) Granting Plaintiff such other and further relief as this Court deems just.

Dated: Brooklyn, New York
       May 30, 2013

Respectfully submitted,
*BY: s:/ David J. Doyaga, Sr.*
Acting as counsel to
The Chapter 7 Trustee
26 Court Street, Suite 1002
Brooklyn, NY 11242
(718) 488-7500