M. David Graubard, Esq.
Kera & Graubard
Attorneys for Defendant
240 Madison Avenue, 7th Fl.
New York, NY 10016
(212) 681-1600

RETURN DATE: 8/19/14 at 9:30 A.M.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:
FRATELLI RICATTO LIMITED,

       Debtor.
-----------------------------------------------------------X
DAVID J. DOYAGA, SR. As Trustee of
The Estate of Fratelli Ricatto Limited

       Plaintiff,

  -against-

MICHAEL P. RICATTO,

       Defendant.
-----------------------------------------------------------X

Chapter 7
Case No. 11-44761

Adv. No. 13-1151

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

  Michael P. Ricatto submits this memorandum of law in support of his motion for summary judgment.

### PRELIMINARY STATEMENT

  Plaintiff's complaint sets forth a "garden variety" case for preference under Section 547 of the Bankruptcy Code ("Code") and a "garden variety" case for fraudulent conveyance under Section 548 of the Code. This memorandum of law will demonstrate that based upon the debtor's own records and the defendant's records, as set forth in the certification of Michael P. Ricatto in support of the motion ("Ricatto Certification"), and

existing case law, the defendant's motion must be granted.

## FACTS

The debtor was in the business of operating a flea market enterprise in Brooklyn. The debtor was a corporate entity that was controlled by the defendant.

In connection with the flea market business, the defendant created a loan and exchange account between the debtor and the defendant in order to facilitate the debtor's business operations.

Annexed to the Ricatto Certification as Exhibit C is a list of the payments that the Trustee has alleged in the complaint. The complaint did not have a detailed list of the various transfers that comprised the amount of $106,643.27 that is asserted in the complaint. Upon request of counsel for the defendant, the Trustee/plaintiff provided the list that is annexed to the Ricatto Certification as Exhibit C.

Annexed to the Ricatto Certification as Exhibit D are copies of the debtor's bank statements for the months of June, 2010; December, 2010; January, 2011; and March, 2011. These are the months that are involved with respect to the transfers alleged in the complaint and as stated on Exhibit C.

The Ricatto Certification sets forth the details that on each date listed on Exhibit C for a transfer from the debtor to the defendant, there was a corresponding deposit made by the defendant into the debtor's bank account for the exact same amount of money. The deposit into the debtor's bank account always preceded the payment to the defendant.

The defendant, acting on behalf of both the debtor and himself, agreed that the exchange account would be exactly that – a contemporaneous "back and forth" of the amounts that are listed on Exhibit C.

The bank statements annexed hereto as Exhibit D clearly show that the transactions were mutual exchanges of funds between the debtor and the defendant on each specific day for the transfers listed on Exhibit C. To the extent that some of the checks had different dates than as listed on Exhibit D from the actual day transferred to the defendant, it is exactly that, i.e., the check is dated a specific date, but was not used until the date indicated on Exhibit D, which is the date shown on the bank statements.

<u>POINT I</u>

THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT
BASED UPON HIS DEFENSE OF CONTEMPORANEOUS
<u>EXCHANGE UNDER SECTION 547(c)(1)</u>

The loan and exchanges clearly constitute contemporaneous exchanges under Section 547(c)(1) of the Code. Defendants in a preference case may assert and prove both the defense of new value under Section 547(c)(1) and the defense of contemporaneous exchange under Section 547(c)(1). <u>In re Vanguard Airlines, Inc</u>. 295 B.R. 329 (Bankr. W.D. Mo. 2003).

Section 547(c)(1) provides as follows:

"(c) The trustee may not avoid under this section as transfer –

(1) to the extent that such transfer was –
(A) intended by the debtor and the creditor to or
for whose benefit such transfer was made to be a
contemporaneous exchange for new value given

> to the debtor; and
> (B) in fact a substantially contemporaneous exchange;"

This defense, as spelled out in In re Spada, 903 F.3d 971 (3rd Cir. 1990), requires three specific elements: (1) the debtor and creditor intended the transaction to be a contemporaneous exchange; (2) the creditor has to have furnished new value to the debtor; and (3) the payment and the giving of the new value have to have been in fact substantially contemporaneous. However, the most critical factor is whether the parties intended such a contemporaneous exchange. Spada at 975. The same test and analysis under Section 547(c)(1) has been followed by the case law in the Eighth Circuit. See: In re Lewellyn & Co., Inc., 929 F.2d 424, 428 (8th Cir. 1991).

The premise of Section 547(c)(1) is to encourage creditors to deal with a financially troubled debtor. In re Payless Cashways. Inc., 306 B.R. 243, 249 (B.A.P. 8th Cir. 2004). "The purpose of the contemporaneous exchange exception is to protect transactions that do not result in the diminution of the bankruptcy estate. [citation omitted]" In re Anderson-Smith & Associates, Inc., 188 B.R. 679, 688 (Bankr. N.D. Ala., 1995). This applies to loans as well as transactions involving goods or services. In re Bridge Information Systems, 321 B.R. 247 (Bankr. E.D. Mo. 2005) (payment by the debtor for insurance coverage); Vanguard, supra (payment by the debtor for computer services).

An examination of Exhibit C and Exhibit D demonstrates that the loans and exchanges between the defendant and the debtor fall within the parameters of the defense of contemporaneous exchange under Section 547(c)(1).

Intent is the most critical factor on this defense. In re Marino, 193 B.R. 907, 911

(B.A.P. 9th Cir. 1996, affd. 117 F.3d 1425 (9th Cir. 1997). The intent of the parties is specifically stated in the Ricatto Certification, and this is borne out by the same day loans and exchanges as evidenced by Exhibit D. This type of evidence is sufficient for the Court to determine "as a matter of law that the transfers were intended to be contemporaneous and were in fact substantially contemporaneous." In re Jones Truck Lines, 130 F.3d 323, 328 (8th Circuit 1997). Clearly, the agreement between the debtor and the defendant fits into the statutory requirement.

In In re Lewellyn, supra, the Court relied on the agreement between the parties to evidence the contemporaneous intent under Section 547(c). 929 F.2d at 428. In citing Spada, the Lewellyn Court agreed that the "critical inquiry in determining whether there has been a contemporaneous exchange for new value is whether the parties intended such an exchange." Ibid. The Court in Lewellyn cited prior case law for relying on the agreement between the parties "to determine whether an exchange is substantially contemporaneous in fact [citations omitted]." Ibid.

The intent of the parties is gleaned from their agreement. Clearly, the agreement that the debtor had with the defendant for the same day exchange of funds qualifies for the contemporaneous nature of the transactions listed on Exhibit C and Exhibit D.

Further proof of the contemporaneous nature of the loan transactions comes from the conduct of the parties. The debtor and the defendant actually made the exchange on the very same day of each transaction. In each case, the deposit by the defendant was made prior to the payment by the debtor. Even if there were to be instances in which a transfer from the debtor came before the deposit by the defendant, it would have no

bearing on the application of the contemporaneous exchange defensen. As stated in the Lewellyn case:

> "Moreover, section 547(c)(1) applies whether the new value
> Is given before or after the transfer by the debtor; the statute
> requires only that the exchange be 'substantially' contemporaneous."
> 929 F.2d at 429

The word contemporaneous is an elastic term that has a flexible standard given the modern business world. There is a five part test set forth in Pine Top Insurance Company v. Bank of America National Trust & Savings Association, 969 F.2d 321 (7th Cir 1992), which has been given wide acceptance. In that case, delays of two weeks and three weeks in completing two transfers of collateral were found to be within the parameters of Section 547(c)(1), based upon a "temporal proximity" between the issuance of the credit and the transfer of the assets to pay for that credit (969 F.2d at 328).

However, this "temporal difference" is not necessarily the case at bar because each of the transactions between the defendant and the debtor occurred on the very same day. Nevertheless, even if there were some very small delay in timing in the exchange account, a delay in payment does not negate the substantially contemporaneous nature of a transaction. "A transaction can be substantially contemporaneous even where there is some separation between the events of the extension of new value and transfer by the debtor." In re Anderson-Smith, supra, 188 B.R. at 689.

The defense of contemporaneous exchange also involves no diminution of the estate. In Pine Top v. Bank, supra, the Court stated with respect to contemporaneous exchange:

> "The justification for this exception is that transferring [sic] collateral in exchange for an infusion of new capital does not harm existing creditors <u>because it does not diminish the debtor's net assets</u>." 969 F.2d at 324 (emphasis added).

Since the payments made by the defendant to the debtor infused cash into the debtor, the repayments resulted in no diminution of the estate. The delivery of goods increases a debtor's inventory, for which the debtor then makes payment, with that payment qualifying as a contemporaneous exchange. So too, the exchange transactions between the Debtor and the defendant qualify as well.

The case law cited above shows that the concept of substantially contemporaneous is an elastic term. In the case at bar, all of the loan and exchange transactions were effected on the same day. That was the exact agreement and intention between the defendant and the debtor. Accordingly, the defendant has established its defense to the preference cause of action under Section 547(c)(1).

## POINT II

### CONTEMPORANEOUS EXCHANGE MEANS THAT THERE IS NO ANTECEDENT DEBT

It is "black letter" law that one of the essential elements to prove a preference under the Code is the existence of antecedent debt. In the absence of antecedent debt, there cannot be a preference. <u>Kupetz v. Continental Illinois National Bank & Trust Co.</u>, 77 B.R. 754, 763 (C.D. Ca. 1987); <u>In re Wey</u>, 854 F.2d 196, 200 (7th Cir. 1988).

It is clear that when there is a contemporaneous exchange transaction, there is no antecedent debt. <u>In re Garcia</u>, 494 B.R. 799, 813 (E.D.N.Y. 2013); <u>In re Glassmaster Co.</u>,

2009 Bankr. LEXIS 4281 (D.S.C. 2009).

There can be no preference if there is no diminution to the debtor's estate. Contemporaneous exchanges as set forth on Exhibit C and Exhibit D to the complaint demonstrate that there is no diminution to the debtor's estate. Therefore, no preference can occur. In re Holiday Airlines, 647 F.2d 977, 982 (9th Cir. 1981).

Accordingly, the defendant is entitled to summary judgment on the first cause of action because there is no antecedent debt in connection with the exchange transactions alleged as the transfers in the complaint.

### POINT III

### THE PLAINTIFF HAS FAILED TO PROVE A *PRIMA FACAE* CASE ON CONSTRUCTIVE FRAUDULENT CONVEYANCE

An essential element of the *prima facae* case for fraud under Section 548 of the Code is to demonstrate that there was a failure by the defendant to provide to the debtor less than equivalent value. Without a failure of consideration, there can be no fraudulent conveyance. Wey, supra at 200.

The state of facts set forth above in Point I in connection with the contemporaneous exchange argument, i.e., that the transfer and exchanges were made on the same day, demonstrates that with regard to the transactions alleged in the complaint, there was valid consideration given by the defendant to the debtor.

The complaint is devoid of any facts, other than to allege the total amount of $106,642.27. The complaint then alleges the statutory language with regard to fraudulent conveyances. (See Exhibit A) It has been held that where the payments made by the

defendant to the debtor were in exactly the same amount as the debt, then there is no fraudulent conveyance. Saracheck v. Cohen, 2013 Bankr. LEXIS 1299 (Bankr. N.D. Ia. 2013), pp. 13-14. In that case, there were three separate payments made by the debtor to the defendant on three separate dates totaling $265,000. The defendant proved that these three payments were made against three separate loans made by the defendant to the debtor in the same exact amounts. Ibid., p. 8. The Court determined that the payments by the debtor were for valid consideration which retired prior obligations of the debtor to defendant, and cited Stalnaker v. Gratton, 346 B.R. 798, (B.A.P. 8th Cir. 2006) for the principle that "retirement of prior debt is reasonably equivalent value for purpose of the fraudulent conveyance defense." (p. 805)

Even more so, where the payment and the transfer occur <u>on the same day</u> and in the same exact amount, does the Trustee's claim for fraudulent conveyance fail. Since there was a loan and repayment on the same day, there was current retirement of debt which falls squarely within the available defense of good consideration.

Clearly, it is the obligation of the Trustee to allege a *prima facae* case for fraudulent conveyance by alleging <u>facts</u> that demonstrate a lack of consideration flowing from the defendant to the debtor. In the case at bar, the Trustee is not able to do that because, as the undisputed evidence shows (Exhibit C and Exhibit D to the Ricatto Certification), the transfers back to the debtor in connection with the exchange account constituted valid consideration that defeats the fraudulent conveyance cause of action.

In the case at bar, there was no diminution of the debtor's estate. The same amount of money that went from the debtor to the defendant went from the defendant to

the debtor. There can be no fraudulent transfer when the net effect on the debtor's estate is zero. In re Jeffrey Bigelow Design Group, Inc., 956 F.2d 479, 484 (4th Cir. 1992). In the Jeffrey Bigelow case, the Circuit Court determined that payment by the debtor to a bank on a line of credit that the shareholder had procured <u>for the debtor</u> was for valid consideration. The entire credit line had been used exclusively for the debtor, although the loan was in the name of the shareholder.

Therefore, the debtor's payments on the line of credit did <u>not</u> constitute fraudulent conveyances to the shareholder. There had been no diminution to the debtor's estate. There was no loss to the estate because the debtor only repaid the money that the debtor had actually received through the loan proceeds. Similarly in the case at bar, there was no diminution to the debtor's estate, because the debtor received the exact same amount that it paid out.

Accordingly, the Trustee is unable to prove lack of consideration which is part of the plaintiff's *prima facae* case requirement. Therefore, the defendant is entitled to summary judgment on the cause of action alleging fraudulent conveyance.

## CONCLUSION

The defendant demonstrated that his defense of contemporaneous exchange vitiates the Trustee's cause of action on preferential transfer.

The defendant has also demonstrated that the transactions between the defendant and the debtor did not create any antecedent debt, so that the plaintiff cannot make out a *prima facae* case for preferential transfer.

Likewise, the defendant has demonstrated that there was valid consideration furnished to the debtor in connection with the loans and exchanges that count, so that the plaintiff cannot prove a *prima facae* case for fraudulent conveyance.

Accordingly, defendant's motion for summary judgment should be granted, together with such other and further relief as may be proper.

Dated: New York, New York
July 28, 2014

> Respectfully submitted,
>
> KERA & GRAUBARD
> Attorneys for Defendant
>
> By: _____
> M. David Graubard (MDG 5442)
> 240 Madison Avenue, 7th fl
> New York, NY  10016
> (212) 681-1600